CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 6 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES CLINTON FORMAN | ) | |
| Petitioner, | ) | Civil Action No. 7:10cv00326 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN WATSON, WARDEN, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

This is a petition pursuant to 28 U.S.C. § 2254 by James Clinton Forman seeking a new parole hearing because he claims that the parole hearing he received was not procedurally fair. Because Forman is not challenging the fact or duration of his confinement, the court construes his claim as a claim pursuant to 42 U.S.C. § 1983 and dismisses it.[1]

## I.

In 1989 Forman pled guilty in the Circuit Court for the city of Lynchburg, Virginia to breaking and entering with the intent to commit rape and rape, and the Circuit Court sentenced him to life plus 10 years. On November 5, 2009, Helen Fahey, the Chair of the Virginia Parole Board, notified Forman on behalf of the Board that after "a review and evaluation of all available information" the Board had decided not to grant him parole for the following reasons: (1) the crimes he committed; (2) his history of violence indicates that he would be a serious risk to the community; and (3) the serious nature and circumstances of his offense.

Forman appealed the decision complaining that there had been a "significant error" in the Board's decision because his offenses were his first offenses, and, therefore, he had no "history of

---

[1] Section 1983 is the appropriate vehicle for prisoners challenging the policies and procedures applicable to their parole reviews but not the denial of parole itself. <u>Overman v. Beck,</u> 186 Fed. App'x 337, 228 (4th Cir. 2006).

violence." He argued that in light of the error, the Board should reconsider the matter. Fahey responded that Forman's "history of violence" had been removed as a reason to deny Forman parole but that the Board's decision would still stand because there was no "significant error in the information, policies, or procedures related to the stated reasons for the decision," and the serious nature of Forman's crimes still stood as a basis for denying parole.

## II.

Although Virginia law does not create a liberty interest in discretionary parole release, see Hill v. Jackson, 64 F.3d 163, 170-171 (4th Cir. 1995), prisoners are entitled to a "written statement of reasons for denying parole." Franklin v. Shields, 569 F.2d 784, 797 (4th Cir. 1977) (en banc). Here, the Board gave Forman its written statement of reasons for denying him parole and pursuant to Parole Board procedures, afforded Forman the opportunity to challenge the reasons he was given.[2] Here, Forman exercised that right. This was an adequate check against the risk of erroneous decision-making, and is surely consistent with any application the due process clause might have in this highly discretionary decision-making process. See Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (even where parole statute establishes a liberty interest, "inmates are entitled to no more than minimal procedure"). Accordingly, Forman has failed to state a claim on which relief may be granted, and the court will dismiss his petition. See 28 U.S.C. § 1915(e)(2) (court must dismiss any action filed by prisoner if the court determines that the action "fails to state a claim on which relief may be granted).

---

[2] Under certain circumstances, the Virginia Parole Board Policy Manual (Section III, Subsection K., paragraph 1 and 2) permits a parolee to appeal an unfavorable decision to the Board Chairman based on specified significant errors. The manual provides that "where a significant error is shown, the Chairman will cause a panel of three board members to redetermine the case with the error corrected."

**III.**

For the reasons stated, the court dismisses Forman's petition.

**ENTER**: This August 6, 2010.

_____
UNITED STATES DISTRICT JUDGE